JACOB PADRESHEFSKY, Respondent, *v.* WILLIAM WALTON, as Sheriff of the County of Kings, Appellant; and JOHN W. CARPENTER, Clerk of the Municipal Court of the City of New York, Borough of Brooklyn, Third District, Defendant.

*Imprisonment under a body execution issued on a judgment of the Municipal Court of New York city — after fifteen days the sheriff must discharge the prisoner.*

A person imprisoned under a body execution issued upon a judgment of the Municipal Court of the city of New York, rendered in an action brought against him by a working woman to recover for services performed by her, is entitled, under the provisions of section 3221 of the Code of Civil Procedure, to be discharged after fifteen days' confinement, and no action on the part of any court is necessary to secure the discharge.

Such a discharge is a discharge "by due course of law" within the meaning of sections 1399 and 1401 of the Consolidation Act (Laws of 1882, chap. 410).

APPEAL by the defendant, William Walton, as sheriff of the county of Kings, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 27th day of March, 1901, upon the decision of the court, rendered after a trial at the Kings County Special Term, overruling a demurrer to the complaint.

This action was brought to recover damages for false imprisonment.

*Charles H. Hyde,* for the appellant.

*Lorlys Elton Rogers,* for the respondent.

GOODRICH, P. J. :

The demurrer admits these facts alleged in the complaint : Jennie Rosenthal, on November 21, 1900, recovered a judgment against the plaintiff in the Municipal Court of the city of New York, borough of Brooklyn, for twenty-five dollars, such action being brought under section 3221 of the Code of Civil Procedure, which relates to actions by working women for services performed by them. An execution was issued to "any Marshal of the City of New York," commanding him to collect the amount due on the judgment out of the personal property of this plaintiff, if sufficient property could be found, and if not, to "commit him to the jail of the City of New York, the keeper whereof is hereby commanded to receive the said defendant (the plaintiff here) and him safely keep until he shall pay the judgment, or be discharged according to law." The plaintiff was imprisoned in the county jail of the county of Kings by the defendant as sheriff of that county for a period of twenty-two days, viz., from December sixth to December twenty-eighth. After fifteen days had expired the plaintiff demanded his release, and "notified the said Sheriff of the nature of the judgment on which the said execution was issued," but the sheriff refused to discharge the plaintiff until he was released on habeas corpus.

The plaintiff contends that the execution was absolutely void *ab initio* because the Municipal Court, being of limited jurisdiction, can only exercise powers conferred by statute ; that its power is limited by section 3221, which provides that a defendant arrested by virtue of the section "must be discharged after having been so confined fifteen days." The execution directs detention of the defendant therein named until he pays the judgment or is discharged according to law. An execution of this character in a working woman's case is a creation of section 3221 which, being in deroga-

tion of the common law and in its nature penal, must be strictly construed. Strict construction requires obedience to its plain provision that a defendant arrested under its provisions is entitled to a discharge after fifteen days' confinement. The discharge, at the end of fifteen days, is a full compliance with the mandate of the execution requiring detention only until the defendant is discharged according to law. No action of any court was necessary. There was no legal necessity for a resort to a writ of habeas corpus. The sheriff would have been justified and was required to obey the provision of the section, and after fifteen days' confinement of the defendant to discharge him, and that would have been a discharge according to law.

I do not lose sight of the provisions of the Consolidation Act (Laws of 1882, chap. 410, §§ 1399, 1401) providing that in a case in the District Court (now the Municipal Court), where the defendant may be arrested, the execution may direct the officer, if sufficient property cannot be found to satisfy the judgment, to arrest the defendant and commit him to the jail of the county until he pay the judgment or be discharged according to law, and that in such a case the defendant " must be conveyed to the common jail of the county and there kept in custody until the execution, with costs, be paid, or be discharged by due course of law." I have already said that such a discharge is worked by the law without the necessity of intervention by any court. The term of imprisonment is defined by the statute, and the plaintiff herein was entitled to his discharge from confinement after fifteen days' incarceration.

Analogy may be found in section 111 of the Code of Civil Procedure, which provides that no person shall be imprisoned on execution against the person for a longer period than three or six months, according to the amount of the execution. This provision, like the one before us, is evidently self-executing. The defendant is entitled at the expiration of the time limited to his discharge. In *People ex rel. Lust* v. *Grant* (1 N. Y. St. Repr. 537) Judge PORTER said, in relation to section 111 (p. 540) : " It is then made the active duty of the sheriff to discharge all such persons without condition or exception from his custody after the expiration of such period and without any formal application being made therefor."

It follows that the detention of the plaintiff after fifteen days

was without legal authority, and that the plaintiff was wrongfully imprisoned after that time.

It becomes unnecessary to consider the other questions raised by counsel, since, for the reason stated, the demurrer was properly overruled.

The interlocutory judgment should be affirmed, with costs.

WOODWARD HIRSCHBERG and SEWELL, JJ., concurred; JENKS, J., not voting.

Interlocutory judgment affirmed, with costs.